## W. H. Llewellyn, Appellant, *v.* S. W. Levy.

*Husband and wife—Necessaries for support of wife.*

Where a husband without justification deserts his wife and child, and neglects to make such provision for their support and maintenance as their necessities require, and his own financial condition enables him to furnish it, he is liable for necessaries ordered by and delivered to his wife for the use of herself and child, suitable to their condition and circumstances, although the wife has repudiated the husband's offers of allowance.

Argued April 5, 1894.    Appeal, No. 329, Jan. T., 1894, by plaintiff, from judgment of C. P. No. 3, Phila. Co., June T., 1891, No. 641, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.    Reversed.

Assumpsit for goods furnished to defendant's wife.

At the trial, before GORDON, J., it appeared that, in October, 1887, defendant compelled his wife and child to leave his house.    He engaged rooms and board for them at a hotel, where he paid their board.    Defendant offered to pay his wife $125 a month, but she refused the offer, claiming that it was insufficient.    There was evidence that defendant's income from his banking business was $20,000 per year.    The goods for which suit was brought were ordered by and delivered to defendant's wife after the separation.    Bills for similar articles previously ordered by her had been paid by defendant.    There was no evidence that plaintiff knew of the separation when the goods were delivered.    The court gave binding instruction for defendant.

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was above instruction.

*Bradbury Bedell*, for appellant, cited: Etherington v. Parrott, 1 Salk. 118; 2 Ld. Raym. 1006; Ayan v. Sans, 12 Q. B. 460; Munro v. De Chemant, 4 Camp. 215; Rawlyns v. Vandyke, 3 Esp. 250; Johnston v. Sumner, 3 H. & N. 262; Walker v. Simpson, 7 W. & S. 83; Cunningham v. Irwin, 7 S. & R. 247; Boulton v. Prentice, Str. 1214; Bishop on Marriage and

Divorce, § 570 et seq.; Breinig v. Meitzler, 23 Pa. 156; Pearson v. Darrington, 32 Alabama, 243; Furlong v. Hysen, 35 Me. 333; Nurse v. Craig, 2 N. R. 148; Hunt v. De Blaquiere, 5 Bing. 550; Caney v. Patton, 2 Ash. 140; Hodgkinson v. Fletcher, 4 Camp. 70; Lidlow v. Wilmot, 2 Stark. 86; Emmett v. Norton, 8 Car. & P. 506; Seaton v. Benedict, 2 Sm. L. Cas. 439.

*David W. Sellers,* for appellee, cited: Shirley's Lead. Cas. 72 (No. 14); Walker v. Simpson, 7 W. & S. 87; Com. v. Richards, 131 Pa. 219; Act of Feb. 26, 1817, 6 Sm. L. 405.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct 1, 1894:

This record presents the single question whether the learned trial judge erred "in directing the jury to render a verdict for the defendant."

An examination of the testimony, in support of the plaintiff's claim, clearly shows that it was not only proper for the consideration of the jury, but, if believed, would have warranted them in finding that the defendant, without apparent justification, practically deserted his wife and child, and neglected to make such provision for their support and maintenance as their necessities required and his own financial condition would have enabled him to furnish. It also shows that the goods for which suit was brought,—consisting chiefly of toilet articles, drugs, medicines, infant's food, etc., ordered by and delivered to defendant's wife for the use of herself and their infant child,—were necessaries suitable to their condition and circumstances. Bills for similar articles, previously ordered by her, had been presented to and paid by defendant. There is no evidence that plaintiff was aware of any change in the domestic relations of the defendant and his wife until payment of the account in suit was demanded and refused by defendant.

Special reference to or discussion of the testimony is unnecessary. It is sufficient to say that it tended to prove facts which, if found by the jury, would have entitled the plaintiff to a verdict, and we are clearly of opinion that it should have been submitted to them under proper instructions.

Judgment reversed and a venire facias de novo awarded.